# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# AT CHARLOTTE

OFFICIAL COMMITTEE OF
ASBESTOS CLAIMANTS,

    Appellant,

v.                                        CIVIL ACTION NO. 3:24-cv-00042 (Lead)

ROBERT SEMIAN AND OTHER
CLIENTS OF MRHFM, et al.,

    Appellees.

---

In re                                                  Chapter 11
                                                  Case No. 20-30608

ALDRICH PUMP LLC, et al.

    Debtors.

---

ROBERT SEMIAN AND OTHER
CLAIMANTS OF MRHFM,

    Appellant,

v.                                        CIVIL ACTION NO. 3:24-cv-00044

ALDRICH PUMP LLC, et al.

    Appellees.

---

In re                                                  Chapter 11
                                                  Case No. 20-30608

ALDRICH PUMP LLC, et al.

    Debtors.

WILSON BUCKINGHAM and
ANGELIKA WEISS,

    Appellants,

v.                                         CIVIL ACTION NO. 3:24-cv-00284

BESTWALL, LLC,

    Appellee.

---

In re

BESTWALL LLC,                               Chapter 11
                                                  Case No. 17-31795

    Debtor.

---

WILSON BUCKINGHAM and
ANGELIKA WEISS,

    Appellants,

v.                                         CIVIL ACTION NO. 3:24-cv-00297

BESTWALL, LLC,

    Appellee.

---

In re

BESTWALL LLC,                                 Chapter 11
                                                  Case No. 17-31795

    Debtor.

**MEMORANDUM OPINION AND ORDER**

Pending is Appellants Wilson Buckingham, Agelika Weiss, Robert Semian and Other Clients of MRHFM, and the Official Committee of Asbestos Personal Injury Claimants' (collectively "Appellants") Consolidated Motion for Leave to Appeal [ECF 39], filed August 28, 2025. On September 11, 2025, Debtors Bestwall LLC, Aldrich Pump, LLC, and Murray Boiler, LLC (collectively "Debtors") responded in opposition [ECF 44], to which Appellants replied [ECF 46] on September 19, 2025.[1]

**I.**

*A.*     ***The Bestwall Litigation***

In July 2017, Debtor Bestwall LLC ("Bestwall") was formed through a divisional merger of Georgia-Pacific LLC ("Georgia-Pacific"), an entity formerly engaged in the manufacture and sale of asbestos-containing products since 1965. Georgia-Pacific's business resulted in a lengthy history of asbestos-related litigation. Indeed, "[f]rom 2014 to 2017, for example, Bestwall paid $558 million in defense and indemnity costs for asbestos litigation." *Bestwall LLC v. Off. Comm. of Asbestos Claimants of Bestwall, LLC*, 148 F.4th 233, 236 (4th Cir. 2025). By 2017, "Bestwall faced around 64,000 pending asbestos claims, with tens of thousands more anticipated through at least 2050." *Id*.

Due to this sprawling and seemingly limitless litigation, in July 2017, Georgia-Pacific underwent a corporate, two-part restructuring, in which two new entities were formed in its place: Bestwall and the New Georgia-Pacific LLC ("New GP"). This type of restructuring is commonly referred to as the "Texas Two-Step," a "maneuver [that] 'splits a legal entity into two, divides its

---

[1] Joseph W. Grier, III, the representative for the future asbestos claimants in the *Aldrich* matters, joined in the Debtors' response in opposition. [ECF 45].

assets and liabilities between the two new entities, and terminates the original entity.'" *Id*. at 237 (quoting *In re LTL Mgmt., LLC*, 64 F.4th 84, 96 (3d Cir. 2023)). As a result, "[t]he lion's share of assets—and indeed many liabilities—go into a new company, while the asbestos liabilities fall into a separate company, whose primary purpose is to resolve the asbestos claims." *Id*. Thereafter, "[t]he company holding the asbestos liabilities . . . files for bankruptcy[,]" and "[t]he bankruptcy court issues an injunction channeling all asbestos-related claims into a personal injury trust, known as an 11 U.S.C. § 524(g) trust." *Id*. (citing *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 234 (3d Cir. 2004), *as amended* (Feb. 23, 2005)). This process effectively "allows a debtor to address in one forum all potential asbestos claims against it, both current and future, as well as current and potential future claims against third parties alleged to be liable on account of asbestos claims against the debtor." *Id*. (quoting *In re Bestwall LLC*, 606 B.R. 243, 249 (Bankr. W.D.N.C. 2019), *aff'd*, No. 3:20-cv-103-RJC, 2022 WL 67469 (W.D.N.C. Jan. 6, 2022), *aff'd*, 71 F.4th 168 (4th Cir. 2023)).

Utilizing this two-step framework, Bestwall was assigned the entirety of Old Georgia-Pacific's asbestos liabilities and some of its assets to resolve the asbestos claims, while the bulk of Old Georgia-Pacific's $28.3 million company was assigned to New GP. Specifically, "Bestwall received:

(a) three bank accounts containing approximately $32 million in cash;

(b) all contracts of the old Georgia-Pacific related to its asbestos-related litigation;

(c) certain real estate;

(d) 100% of a separate company that manufactures and sells gypsum plaster products. It was projected to generate cash flow of approximately $18 million per year, and was valued at approximately $145 million in 2017; and

(e) an agreement from Georgia-Pacific to pay for Bestwall's expenses incurred in the normal course of business; administration expenses if Bestwall declared bankruptcy; and a § 524(g) asbestos trust in the amount required by a confirmed reorganization plan if Bestwall couldn't fund the trust."

*Id*. at 237-238.

In November 2017, Bestwall petitioned for relief under Chapter 11. In 2018, Appellant the Official Committee of Asbestos Claimants ("the Committee") sought dismissal of Bestwall's Chapter 11 petition under section 1112(b), contending the petition was filed in bad faith inasmuch as Bestwall was a solvent entity. Applying the two-prong test for bad faith dismissals articulated by our Court of Appeals in *Carolin Corp. v. Miller*, 886 F.2d 693, 700-01 (4th Cir. 1989)[2] and its progeny, the bankruptcy court denied the Committee's Motion. *See In Re Bestwall LLC*, 605 B.R. 43, 48-50 (Bankr. W.D.N.C. 2019) (Beyer, J.). In so doing, the court found "[a]ttempting to resolve asbestos claims through 11 U.S.C. § 524(g) is a valid reorganizational purpose, and filing for Chapter 11, especially in the context of an asbestos or mass tort case, need not be due to insolvency." *Id*. at 49. Inasmuch as the court concluded the Committee failed to establish the matter was objectively futile given Bestwall had the resources to reorganize, it declined to reach the question of subjective bad faith. *Id*. The court noted it would "ultimately have to rule on Bestwall's good faith, albeit in a different context, at confirmation." *Id*.

The Committee subsequently sought leave to appeal to the district court under 28 U.S.C. § 158(a)(3). It also moved for certification of direct appeal to our Court of Appeals under 28 U.S.C. § 158(d)(2). The bankruptcy court certified the Committee's appeal to our Court of Appeals on the ground that certification would materially advance the litigation on a matter of public

---

[2] Under *Carolin*, dismissal of a Chapter 11 petition due to bad faith is proper when the movant establishes both (1) "objective futility of any possible reorganization," *and* (2) "the subjective bad faith of the petitioner in invoking this form of bankruptcy protection." 886 F.2d at 694. The objective futility inquiry focuses on whether "there exists the realistic possibility of an effective reorganization." *Id*. at 698 (internal citations and quotations omitted). "The subjective bad faith inquiry is designed to insure that the petitioner actually intends to use the provisions of Chapter 11 . . . to reorganize or rehabilitate an existing enterprise, or to preserve going concern values of a viable or existing business." *Id*. at 702 (internal citations and quotations omitted).

5

importance. Our Court of Appeals, however, denied the petition. *See Off. Comm. of Asbestos Claimants of Bestwall, LLC v. Bestwall LLC*, No. 19-408, 2019 WL 13512209 (4th Cir. Nov. 14, 2019). Thereafter, the district court declined to exercise its discretion in granting the Committee leave to appeal. *Off. Comm. of Asbestos Claimants v. Bestwall LLC*, 3:19-cv-00396-RJC, 2023 WL 7361075, at *5 (W.D.N.C. Nov. 7, 2023) (Conrad, J.). In denying the Committee's Motion for Leave, the district court concluded as follows:

> The Bankruptcy Court applied *Carolin*, the binding law in this Circuit, to the facts here. Thus, an appeal of the Bankruptcy Court's Denial Order does not involve a controlling question of pure law – the controlling question of law was decided in *Carolin*. Instead, the Bankruptcy Court applied the law in the Fourth Circuit and concluded the Debtor's bankruptcy case is not objectively futile – a factual question. If this Court were to grant leave to appeal and consider the Committee's appeal, it would be asked to either (a) adopt a new standard in the Fourth Circuit, in conflict with the "comprehensive standard" adopted by the Fourth's Circuit in *Carolin* – which the Court will not do given the law in the Fourth Circuit, or (b) consider whether the Bankruptcy Court correctly concluded the Debtor's bankruptcy case is not objectively futile – a factual issue. In addition, if the Court affirmed the Bankruptcy Court, resolution of the appeal would not be completely dispositive of the bankruptcy case, in either a legal or practical matter. The Bankruptcy Case would continue towards plan confirmation or other resolution. For these same reasons, there is not substantial ground for difference of opinion of the test to use when considering motions to dismiss under section 1112(b) in the Fourth Circuit.

*Id*.

Several years later in 2023, the Committee again moved to dismiss, this time contending the bankruptcy court lacked subject-matter jurisdiction over a solvent debtor like Bestwall. Appellant Wilson Buckingham also sought dismissal at this time inasmuch as he had not yet been diagnosed with mesothelioma when the Committee first moved to dismiss in 2018. Like the Committee previously, Mr. Buckingham moved to dismiss on bad faith grounds under *Carolin*. In support of his Motion, he asserted as follows:

> (1) Bestwall [was] not financially distressed due to its funding agreement with New GP, . . . (2) New GP—which [was] obligated to pay all Bestwall's asbestos liabilities—[was] worth over $27 billion and [was] not overwhelmed by approximately $150 to $200 million in asbestos liabilities[,] and (3) that Old

6

[Georgia-Pacific's] pre-filing Texas Two-Step restructuring provided additional indicia of bad faith.

[ECF 40 at 6]; *see also In re Bestwall LLC*, 658 B.R. 348, 356 (Bankr. W.D.N.C. 2024). The bankruptcy court denied both the Committee and Mr. Buckingham's Motions.

Respecting Mr. Buckingham's Motion, the bankruptcy court concluded its 2019 Opinion and Order rejecting the Committee's identical bad faith contentions under *Carolin* was the law of the case inasmuch as neither the new facts, nor law cited by Mr. Buckingham warranted reconsideration of its previous ruling. *See In re Bestwall*, 658 B.R. at 359 ("While the movant is different and the motion was filed four and a half years after the First Motion to Dismiss, the focus is on substantially the same facts, some new facts that the court does not consider to be substantially different evidence, and some new law that is either not controlling or is consistent with the court's [2019] Opinion and Order."). The bankruptcy court thus declined to address the merits of Mr. Buckingham's *Carolin*-based contentions considering its previous ruling.

Mr. Buckingham and the Committee subsequently requested the bankruptcy court certify its denial of dismissal for direct appeal to our Court of Appeals. In Mr. Buckingham's certification request, he asserted the appellate issue triggered by the bankruptcy court's denial of his Motion to Dismiss amounted to "whether a non-distressed, wealthy debtor filed in bad faith[.]" [ECF 3354 at 74 in 3:17-bk-31795]. He urged "that certification [would] materially advance [the] case by providing [him] with the ability to seek review of the *Carolin* standard in the context of the Dismissal Order." [*Id*.]. While the bankruptcy court agreed to certify its denial of the Committee's Motion given the jurisdictional issues raised therein, it declined to certify its denial of Mr. Buckingham's Motion.[3] In denying Mr. Buckingham's certification request, the bankruptcy court explained Mr.

---

[3] Our Court of Appeals accepted the Committee's direct appeal and affirmed the bankruptcy court's denial of the Committee's Motion to Dismiss on August 1, 2025, in a split decision. *See Bestwall*, 148 F.4th at 236 (holding "federal courts have subject-matter jurisdiction over bankruptcy

Buckingham's assertions ignored the court's ruling given it had declined to revisit the merits of the *Carolin* bad faith issue. [*See id*. at 74-75 ("In an effort to get an issue on appeal to the Fourth Circuit, Mr. Buckingham's motion ignores this Court's ruling and its Dismissal Order. It's as if he has requested certification of what he wished for the order to be, rather than what it is.")]. The bankruptcy court thus concluded certification would fail to "materially advance" the case's progress inasmuch as "the Fourth Circuit would be limited to reviewing the Dismissal Order and likely would not reach the *Carolin* standard and the propriety of [the] case[.]" [*Id*. at 75]. It also emphasized it had "followed controlling precedent in its application of the law-of-the-case doctrine and the divesting rule," and there was thus no "matter of public importance" present. [*Id*. at 74-75]. Mr. Buckingham now seeks leave to appeal the bankruptcy court's 2024 denial of his Motion to Dismiss herein.

B.     *The* Aldrich Pump *Litigation*

The *Aldrich Pump* litigation has a similar history, involving two debtor entities birthed from the Texas Two Step: Aldrich Pump, LLC ("Aldrich") and Murray Boiler LLC ("Murray"). Like Bestwall, Aldrich and Murray hold considerable asbestos liabilities, while their respective twin entities, Trane Technologies Company LLC ("New TTC") and Trane U.S. Inc.

---

cases involving solvent debtors" inasmuch as "the Constitution grants Article III judicial power over all cases arising under the laws of the United States," which includes the Bankruptcy Code.). In deciding the appeal, our Court of Appeals made clear it was not considering "the validity of the controversial Texas two-step maneuver[,]" nor "whether a debtor's ability to pay its debts is relevant to a bankruptcy case." *Id*. at 241. It noted the latter issue had already been "considered in the Committee's [2018] motion to dismiss for bad faith and may come up at future junctures," such as "at plan confirmation[.]" *Id*. On October 30, 2025, our Court of Appeals denied *en banc* review of its affirmance by an 8-6 vote. *See Bestwall LLC v. Off. Comm. of Asbestos Claimants of Bestwall, LLC*, --- F.4th ---, No. 24-1493, 2025 WL 3034121 (4th Cir. 2025).

("New Trane"), hold their predecessors'[4] prosperous assets. At the time of their creation, Aldrich and Murray entered into Funding Agreements with their twin entities. *See In re Aldrich Pump LLC*, 2023 WL 9016506, at *1. Under those agreements, "New TTC owed Aldrich a contractual promise and New Trane owed the same to Murray: should [Aldrich and Murray] enter bankruptcy and confirm a Section 524(g) plan shielding New Trane and New [TTC] from their predecessor's [sic] asbestos claims, the twins would fund an asbestos trust to pay the allowed claims of the asbestos victims." *Id*. In June 2020, Aldrich and Murray thus petitioned for relief under Chapter 11, given their inheritance of over 90,000 asbestos-related lawsuits "with thousands more to come, having a projected cost of at least $547 million." *Id*. at *6.

In 2023, Appellants Robert Semian and Other Clients of MRHFM and the Official Committee of Asbestos Personal Injury Claimants moved to dismiss. They primarily contended the matters were filed in bad faith inasmuch as the Debtors lacked financial distress. After a thorough and detailed analysis of the parties' contentions and controlling precedent, the bankruptcy court denied the Motions. *Id*. at *22-29. While the bankruptcy court expressed some agreement with Appellants' "persuasive arguments" respecting *Carolin's* peculiar effect when applied to non-solvent debtors, it articulated such sentiments only "for the Fourth Circuit's consideration . . . if it elect[ed] to reconsider application of the *Carolin* Two-Prong test in the case of a solvent, non-distressed Chapter 11 debtor." *Id*. at *27. Recognizing *Carolin's* binding force, however, the court ultimately rejected Appellants' bad faith assertions and concluded -- as Judge Beyer in *Bestwall* --

---

[4] Ingersoll-Rand Company is the predecessor entity of the divisionally created Aldrich and New TTC. Old Trane U.S. Inc. is the predecessor entity of the divisionally created Murray and New Trane. Both predecessor entities were formerly engaged in the manufacturing of "industrial equipment: pumps, compressors, HVAC equipment, and boilers that—in some instances—incorporated encapsulated, asbestos-containing components (primarily the gaskets and packing) that were manufactured and designed by third parties." *In re Aldrich Pump LLC*, Case No. 20-30608, 2023 WL 9016506, at *4 (Bankr. W.D.N.C. Dec. 28, 2023) (Whitley, J.).

that Appellants had failed to satisfy *Carolin's* objective futility prong given, *inter alia*, Debtors' funding of the § 524(g) trust. *Id*. at *28-29. Specifically, the bankruptcy court found as follows:

> Factually, these cases are even stronger than *Bestwall* in that Aldrich and Murray have reached agreement with the largest claimant constituency, the Future Claims, on the terms of a plan . . . . The Debtors have funded that Plan without contribution under the Funding Agreements. And on the facts presented, there is no reason to doubt that if a deal were struck with the ACC, Aldrich/Murray would have, or could, secure from its affiliates the wherewithal to fund the Trust. Meanwhile, each Debtor owns an operating subsidiary and has a business of sorts--managing the tens of thousands of asbestos litigation claims against them.
>
> . . . .
>
> Like Judge Beyer, I conclude that [the] Objective Futility prong has not been demonstrated by the Movants in these cases. In its absence, the *Carolin* Test is unmet, and these cases are not subject to dismissal for a lack of good faith.

*Id*. at *28, 29.

The bankruptcy court subsequently certified its denial of dismissal for direct appeal to our Court of Appeals, which subsequently denied the appeal. *Off. Comm. of Asbestos Pers. Inj. Claimants v. Aldrich Pump LLC*, No. 24-128 (4th Cir. Apr. 17, 2024). The *Aldrich* Appellants -- like Mr. Buckingham in *Bestwall* -- now seek leave to appeal the bankruptcy court's denial of their dismissal Motions.

C.     ***The Parties' Contentions***

In denying their dismissal motions, Appellants contend the bankruptcy courts in this District "have misapplied *Carolin* to avoid the foundational issue of bad faith" and have thus "effectively denied the right of thousands of claimants to a jury trial[.]" [ECF 40 at 2]. They assert leave to appeal is warranted inasmuch as this appeal involves (1) a controlling issue of law, (2) as to which there are substantial grounds for differences of opinion, and (3) immediate appeal will materially advance the termination of the litigation.

Appellants identify the controlling issue of law as whether the safe harbor of bankruptcy is available "to ultrawealthy debtors who are neither financially troubled nor in need of resuscitation." [*Id*. at 9]. At bottom, they assert the controlling issue is whether the Debtors' Chapter 11 petitions were filed in bad faith. They contend by sidestepping this question, the bankruptcy courts have "ignore[d] controlling Fourth Circuit law: a [C]hapter 11 petition must further the Bankruptcy Code's purposes of resuscitating a 'financially troubled debtor.'" [ECF 46 at 2-3 (quoting *Carolin*, 886 F.2d at 701-02)].

As to the second element, Appellants assert the bankruptcy courts' dismissal orders demonstrate there is substantial ground for a difference of opinion as to the "primary issue of whether the Debtors' full-pay bankruptcy cases should be permitted to continue." [ECF 40 at 11]. For instance, they point to the *Aldrich* court's sentiments respecting whether our Court of Appeals contemplated its *Carolin* test being employed to cases involving solvent, non-distressed entities. [*Id*.]. They also note other circuits have rejected Chapter 11 petitions filed by Texas-Two step entities on bad faith grounds. [*Id*. at 12]. They thus maintain substantial grounds for a difference of opinion exist.

Lastly, Appellants contend an immediate appeal of the bad faith issue will materially advance the termination of these cases given that reversal of the dismissal orders will dispose of the entirety of all pending Texas Two-Step cases in this District. Once terminated, Appellants assert "the Debtors and their affiliates would return to the tort system where asbestos victims would be free to pursue litigation, exercise their Constitutionally protected right to a jury trial, settle or otherwise resolve their claims, and receive compensation for their injuries." [*Id*. at 15].

The Debtors disagree. Reduced to its essence, Debtors assert Appellants' requested appeal involves no controlling question of law inasmuch as Appellants' asserted issue is merely a challenge to the bankruptcy courts' application of settled precedent. They also rebuke the notion that

the bad faith issue raises substantial grounds for a difference of opinion when the *Aldrich* and *Bestwall* courts "*agreed* on what the controlling law is *and* how it applies." [ECF 44 at 2 (emphasis in original)]. Debtors also maintain the requested appeal "would not materially advance the ultimate termination of the bankruptcy court cases." [*Id.*]. Specifically, they assert "it is exceedingly unlikely that the Fourth Circuit ultimately would convene *en banc* to alter controlling precedent it has consistently and recently reaffirmed" and, even assuming it did, "the result would be remand, and thus *further* litigation would be needed to apply any new standard." [*Id.* (emphasis in original)]. Debtors thus contend the requested appeal "does not involve any of the 'exceptional circumstances' needed to break from the standard practice of leaving appellate review until final judgment." [*Id.* at 8 (internal citations omitted).].

## II.

### A. *Governing Standard*

Pursuant to 28 U.S.C. § 158(a), district courts are vested with broad, discretionary jurisdiction to consider interlocutory appeals of bankruptcy court orders. 28 U.S.C. § 158(a)(3); *see also In re Bestwall, LLC*, 99 F.4th 679, 687 (4th Cir. 2024); *Bullard v. Blue Hills Bank*, 575 U.S. 496, 508 (2015); *In re Wallace & Gale Co.*, 72 F.3d 21, 25 (4th Cir. 1995) ("Under § 158(a), the decision whether to grant leave to appeal from a bankruptcy court's interlocutory order is committed to the district court's discretion."). "In determining whether to grant leave for an interlocutory appeal, district courts have routinely looked by analogy to the standard set forth in 28 U.S.C. [§] 1292(b), which governs interlocutory appeals in non-bankruptcy cases." *Milic v. McCarthy*, 469 F. Supp. 3d 580, 582 (E.D. Va. 2020); *see also In re Blackjewel L.L.C.*, Civil Action No. 3:22-00570, 2023 WL 3471444, at *2 (S.D.W. Va. May 15, 2023) ("A district court's analysis of a motion for

12

Case 3:24-cv-00042-FWV   Document 50   Filed 11/12/25   Page 12 of 14

interlocutory appeal mirrors the analysis employed by our Court of Appeals to certify interlocutory review under 28 U.S.C. § 1292(b).") (internal quotations omitted) (cleaned up)).

Title 28 U.S.C. § 1292(b) commands leave should only be granted in the exceptional circumstance where (1) the "order involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "immediate appeal . . . may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b); *United States ex. rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340 (4th Cir. 2017); *see also President and Directors of Georgetown College v. Madden*, 660 F.2d 91, 96 (4th Cir. 1981). All three criteria must be satisfied before leave to appeal is granted. *Ahrenholz v. Bd. of Trs. of Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000). Importantly, our Court of Appeals has "cautioned 'that § 1292(b) should be used sparingly and thus that its requirements must be strictly construed.'" *Agape Senior Cmty.*, 848 F.3d at 340 (quoting *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004)).

*B.     Analysis*

A "controlling question of law" under § 1292(b) has been defined as a "pure question of law," or "an abstract legal issue that . . . can [be] decide[d] quickly and cleanly[,] . . . without having to delve beyond the surface of the record . . . to determine the facts." *Agape Senior Cmty.*, 848 F.3d at 340-41 (internal citations and quotations omitted). It is thus self-evident "§ 1292(b) review is not appropriate where, for example, the question presented 'turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case.'" *Agape Senior Cmty.*, 848 F.3d at 341 (quoting *McFarlin*, 381 F.3d at 1259).

The analysis begins and ends with § 1292(b)'s first requirement inasmuch there is no controlling issue of law presented by the appeal. Indeed, without unnecessarily belaboring the point, Appellants reiterate in their briefing that the basis for their appeal is the bankruptcy courts' purported

misapplication of *Carolin,* which is sufficient to doom their request. The controlling decision in *Carolin*, and its rigorous bad faith dismissal standard, governs both solvent and insolvent debtors. *See, e.g., In re Premier Auto. Servs., Inc.*, 492 F.3d 237 (4th Cir. 2007). The bankruptcy courts simply applied settled precedent.[5] Although the result is doubtless frustrating for Appellants, their consolidated request to appeal is plainly meritless.

### III.

Based on the foregoing discussion, Appellants' Consolidated Motion for Leave to Appeal [**ECF 39**] **is DENIED**.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: November 12, 2025

Frank W. Volk
Chief United States District Judge

---

[5] Moreover, with respect to the *Bestwall* matter, the *Carolin* bad faith standard was not even addressed on the merits by the bankruptcy court in its 2024 denial of Mr. Buckingham's dismissal motion given the court's earlier consideration and rejection of the same assertions in its 2019 Opinion and Order. Simply put, the *Carolin* bad faith issue identified by Appellants is not properly before the undersigned in this requested appeal insofar as the *Bestwall* litigation is concerned. To the extent Appellants contend -- albeit for the first time in their reply brief -- that the bankruptcy court's "refusal to consider the merits of Mr. Buckingham's motion—by itself—is error that requires immediate review," [ECF 46 at 5-6] that contention is baseless and a procedurally improper predicate to support a § 1292(b) interlocutory appeal.