# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# AT CHARLOTTE

OFFICIAL COMMITTEE OF
ASBESTOS CLAIMANTS,

        Appellant,

v.                                                        CIVIL ACTION NO.  3:24-cv-00042 (Lead)

ROBERT SEMIAN AND OTHER
CLIENTS OF MRHFM, et al.,

        Appellees.

---

In re                                                     Chapter 11
                                                          Case No. 20-30608

ALDRICH PUMP LLC, et al.

        Debtors.

---

ROBERT SEMIAN AND OTHER
CLAIMANTS OF MRHFM,

        Appellant,

v.                                                        CIVIL ACTION NO. 3:24-cv-00044

ALDRICH PUMP LLC, et al.

        Appellees.

---

In re                                                     Chapter 11
                                                          Case No. 20-30608

ALDRICH PUMP LLC, et al.

        Debtors.

---

WILSON BUCKINGHAM and
ANGELIKA WEISS,

        Appellants,

v.                                      CIVIL ACTION NO.  3:24-cv-00284

BESTWALL, LLC,

        Appellee.

---

In re

                                         Chapter 11
BESTWALL LLC,                            Case No. 17-31795

        Debtor.

---

## MEMORANDUM OPINION AND ORDER

        Pending is Appellants Wilson Buckingham and Agelika Weiss' Renewed Request for Certification of Direct Appeal to the Court of Appeals of the Bankruptcy Court's Order Denying their Motion to Dismiss ("Dismissal Order") [ECF 51], filed December 30, 2025. On January 13, 2026, Appellee Bestwall, LLC ("Bestwall") responded in opposition [ECF 52], to which Appellants replied on January 20, 2026. [ECF 53].

### I.

        The Court has twice set forth in detail the factual and procedural history of the *Bestwall* matter in its (1) November 12, 2025, Memorandum Opinion and Order denying Appellants' Consolidated Motion for Leave to Appeal the Bankruptcy Court's Dismissal Order [ECF 50], -- the same Dismissal Order Appellants now seek to directly appeal to our Court of Appeals herein -- and (2) March 16, 2026, Memorandum Opinion and Order -- in another, related matter formerly pending before the undersigned --  denying Ms. Weiss' appeal of her Motion for Relief from the Automatic

2

Stay and affirming the Bankruptcy Court's rulings. [ECF 22 in Case No. 3:24-cv-00297]. The Court

incorporates those detailed histories by reference herein.

## II.

Pursuant to 28 U.S.C. § 158(d)(2),[1] Mr. Buckingham and Ms. Weiss now request the

Court certify the Bankruptcy Court's Dismissal Order for direct appeal to our Court of Appeals,

again contending the Bankruptcy Court committed error by "side-stepping . . . the subjective bad

faith prong" of the two-part test established by our Court of Appeals for bad faith dismissals in

*Carolin Corp. v. Miller*, 886 F.2d 693, 700-01 (4th Cir. 1989)[2] and its progeny. [ECF 53 at 7]. A

---

[1] Title 28 U.S.C. § 158(d)(2)(A) provides as follows:

(A) The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that—

(i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;

(ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or

(iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;

and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

If the district court determines any of these three circumstances are satisfied, it "shall make the certification described in subparagraph (A)." 28 U.S.C. § 158(d)(2)(B).

[2] Under *Carolin*, dismissal of a Chapter 11 petition due to bad faith is proper when the movant establishes both (1) "objective futility of any possible reorganization," *and* (2) "the subjective bad faith of the petitioner in invoking this form of bankruptcy protection." 886 F.2d at 694. The objective futility inquiry focuses on whether "there exists the realistic possibility of an

3

position that has already been considered and rejected by the Court in the two Opinions cited above. Nevertheless, Appellants maintain the Bankruptcy Court's purported misapplication and misinterpretation of the *Carolin* standard as applied to a non-distressed, Texas Two-Step created entity like *Bestwall* warrants a direct appeal to our Court of Appeals under § 158(d)(2). Specifically, Appellants contend the Bankruptcy Court's denial of its Motion to Dismiss on bad faith grounds involves a question of law as to which there is no controlling decision and a matter of public importance, "the resolution of which would materially advance this bankruptcy case." [*Id*. at 53]. The Court disagrees.

Importantly, as previously explained in the Court's November 12, 2025, Memorandum Opinion and Order, the Bankruptcy Court's Dismissal Order regarding Mr. Buckingham and Ms. Weiss' Motion never reached the merits of their *Carolin*-based contentions. [*See* ECF 50 at 14, n.5]. Rather, in denying Mr. Buckingham and Ms. Weiss' Motion to Dismiss, the Bankruptcy Court concluded its previous Order, -- entered four-years prior -- wherein it rejected another Claimant's identical *Carolin* bad-faith assertions was the law of the case given that neither the new facts, nor law cited by Mr. Buckingham and Ms. Weiss warranted reconsideration of its previous ruling. *See In re Bestwall*, 658 B.R. 348, 359 (Bankr. W.D.N.C. 2024) ("While the movant is different and the motion was filed four and a half years after the First Motion to Dismiss, the focus is on substantially the same facts, some new facts that the court does not consider to be substantially different evidence, and some new law that is either not controlling or is consistent with the court's

---

effective reorganization." *Id*. at 698 (internal citations and quotations omitted). "The subjective bad faith inquiry is designed to insure that the petitioner actually intends to use the provisions of Chapter 11 . . . to reorganize or rehabilitate an existing enterprise, or to preserve going concern values of a viable or existing business." *Id*. at 702 (internal citations and quotations omitted).

[2019] Opinion and Order."). The Bankruptcy Court thus declined to address the merits of Mr. Buckingham and Ms. Weiss' *Carolin*-based contentions in light of its previous ruling.

Moreover, when Mr. Buckingham and Ms. Weiss moved the Bankruptcy Court to certify its Dismissal Order directly to our Court of Appeals -- the same request they now make to the undersigned -- the Bankruptcy Court denied their request. In so doing, the Bankruptcy Court explained Mr. Buckingham and Ms. Weiss' contentions in support of a direct appeal -- the same they make herein -- ignored the court's ruling given it had expressly declined to revisit the merits of the *Carolin* bad faith issue. [*See* ECF 3354 at 74-75 in 3:17-bk-31795 ("In an effort to get an issue on appeal to the Fourth Circuit, Mr. Buckingham's motion ignores this Court's ruling and its Dismissal Order. It's as if he has requested certification of what he wished for the order to be, rather than what it is.")]. The Bankruptcy Court thus concluded certification would fail to "materially advance" the case's progress inasmuch as "the Fourth Circuit would be limited to reviewing the Dismissal Order and likely would not reach the *Carolin* standard and the propriety of [the] case[.]" [*Id*. at 75]. It also emphasized it had "followed controlling precedent in its application of the law-of-the-case doctrine and the divesting rule," and there was thus no "matter of public importance" present. [*Id*. at 74-75].

There is no basis to depart from the Bankruptcy Court's well-reasoned conclusion. Indeed, the Court concludes no (1) question of law lacking a controlling decision or requiring resolution of conflicting decisions, (2) matter of public importance, or (3) possibility of material advancement of this matter are implicated by Appellants' request, rendering certification of a direct appeal under 28 U.S.C. § 158(d)(2)(B) inappropriate.

5

**III.**

Accordingly, the Court **DENIES** Mr. Buckingham and Ms. Weiss' Renewed Request for Certification of Direct Appeal to the Court of Appeals of the Bankruptcy Court's Order Denying their Motion to Dismiss [**ECF 51**] and **ORDERS** this case be **REMOVED** from the docket.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER:  March 27, 2026

Frank W. Volk
Chief United States District Judge

6